IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:22-cv-00161-MR

| | |
|---|---|
| JARAD NYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FNU KING, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff has filed an Application to proceed *in forma pauperis*. [Doc. 2].

The pro se Plaintiff, who is a pretrial detainee at the Pender County Detention Center (PCDC) in Burgaw, North Carolina, filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing the medical treatment he received at PCDC. Plaintiff names as Defendants a PCDC correctional captain, a doctor and nurse practitioner who provide medical services at PCDC, and the "Pender County Jail Medical Provider."[1] [Doc. 1 at 2-3].

---

[1] The Plaintiff fails to indicate whether this is an individual or a company; he provides the PCDC as this Defendant's address.

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Further, a court may transfer a civil action to any district where the action might have originally been brought "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

The incidents at issue in this case allegedly occurred, and the Defendants were employed, at PCDC in Pender County in the Eastern District of North Carolina. To the extent that Plaintiff may be able to state a cognizable claim against any Defendant, venue is appropriate in the Eastern District of North Carolina where the events giving rise to the claims occurred and where the Defendants appear to be located.

For the reasons stated herein, this action will be transferred to the Eastern District of North Carolina.

**IT IS THEREFORE ORDERED** that the Clerk of this Court is hereby ordered to transfer this action to the Eastern District of North Carolina.

**IT IS SO ORDERED.**

Signed: September 2, 2022

Martin Reidinger
Chief United States District Judge

3

Case 5:22-ct-03337-BO   Document 3   Filed 09/06/22   Page 3 of 3